BIRD *against* SILSBIE.

If the return     ON *certiorari* to a Justice's Court.  The writ recited that
of a justice to
a certiorari is  *Bird* impleaded *Silsbie* before the Justice, &c. in the usual
evasive,  and   form, and, by mistake, recited that *judgment* (*as it is alleg-*
his conduct in
relation there-  ed) *was given against Bird ;* whereas the recital should
to  disingenu-  have been *for Bird*—the object of the *certiorari* being to
ous, the court
will not only
order him to amend, but to pay the costs of the application to compel him to amend,
proper notice of the motion being given to him.
    Where a writ of certiorari recited that B impleaded S before the justice, and by mistake
recited that judgment was given *against* B, whereas it should have been *for* B, and then
commanded the justice to certify *the said proceedings and judgment, with the process,*
*pleadings and other things, touching the same,* &c. and the judgment was correctly stated
in the affidavit on which the certiorari was allowed ; *held,* that this was not such a
misdescription as warranted the justice in returning that there was no such cause before
him as was stated in the writ.
    But the court said he might amend if he chose.

reverse a judgment *in favour of Bird,* on the ground that it was not for enough. The writ then commanded the Justice to certify *the said proceedings and judgment, with the process, pleadings and other things, touching the same,* &c. The Justice returned, that there was no such judgment, nor any record of such judgment, before him, and said nothing as to any *proceedings,* although a copy of the affidavit on which the *certiorari* was allowed, detailing the evidence in the cause, was served on him with the writ; and in this affidavit the judgment was correctly stated. The attorney for the plaintiff, before the return was filed, applied to the Justice to know if he had made a return, and he replied that he had, and it was filed in the Clerk's office at *Utica.* The attorney was then at considerable trouble in sending and having the Clerk's office searched, without being able to find any return. He mentioned this to the Justice, who made little or no reply. The return had not been filed as the Justice stated, but he had made it out, and put it in the hands of the defendant's attorney to be filed.

A motion was now made to amend this *certiorari* and return, and for such further rule, &c.; and notice of the motion, with copies of the papers for the motion, detailing the above facts, had been served on the Justice and the defendant's attorney.

*The Court* directed the Justice to amend his return in 20 days; and because the return was evasive, and the conduct of the Justice had been disingenuous, they also ordered, that he pay the costs of the application. They remarked, that they did not consider the amendment of the *certiorari* necessary; yet the plaintiff might amend it, if he thought proper. It was plain enough. The Justice had not been misled by it. It commanded him explicitly to return the *process and proceedings in a certain cause;* and he had not mentioned whether there had been any *process or proceedings* in the cause before him or not. Had he obeyed the writ in this respect, the judgment must have been returned as a part of the *proceedings.*

　　　　　　　　　　　　Rule accordingly.